
# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–14–293

| | |
|---|---|
| BETTYE DUNN-WRIGHT<br>APPELLANT<br><br>V.<br><br><br>ARKANSAS STATE BOARD OF EDUCATION<br>APPELLEE | **Opinion Delivered** November 19, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION<br>[NO. 60CV-12-3315]<br><br>HONORABLE JAY MOODY, JUDGE<br><br>REBRIEFING ORDERED |

## KENNETH S. HIXSON, Judge

On June 11, 2012, the Arkansas State Board of Education entered an order removing appellant, Dr. Bettye Dunn-Wright, from her position as superintendent of the Dollarway School District. The Board's removal of Dr. Dunn-Wright was part of its decision to reconstitute the leadership of the school district based on the district's failure to meet the requisite standards for accreditation. Dr. Dunn-Wright timely filed a petition for judicial review in the Pulaski County Circuit Court, raising multiple issues challenging the Board's decision.

The Board filed a motion to dismiss Dr. Dunn-Wright's petition for judicial review. On January 24, 2013, the Pulaski County Circuit Court entered an order granting the Board's motion to dismiss with respect to some of Dr. Dunn-Wright's claims, including her constitutional claims, but denying the motion with respect to other claims. In that order, the

trial court ordered the parties to brief the remaining issues, after which the case would be set for oral argument. Dr. Dunn-Wright appealed from the order dismissing her constitutional claims, but we dismissed that appeal on June 26, 2013, because some of her claims remained unresolved and there was no final appealable order.

After each party submitted trial briefs on the remaining issues and oral argument was held, the trial court entered an order affirming the Board's decision to remove Dr. Dunn-Wright on December 31, 2013. Dr. Dunn-Wright filed a timely notice of appeal, appealing from both the January 24, 2013 order of partial dismissal and the December 31, 2013 order affirming the Board's decision. On appeal, Dr. Dunn-Wright raises multiple arguments challenging both of these orders. Because Dr. Dunn-Wright has submitted a brief with a deficient addendum, we order rebriefing.

Rule 4-2(a)(8) of the Arkansas Supreme Court Rules provides that the addendum contained in the filed brief shall contain all documents in the record that are essential to an understanding of the case and to decide the issues on appeal. Appellant's addendum does not include a copy of the Board's motion to dismiss or the Board's brief in support of its motion. Rule 4-2(8)(A)(i) requires that all motions, replies, responses, and briefs concerning the order challenged on appeal must be included in the addendum. Although appellant's addendum includes her amended response to the Board's motion to dismiss and her accompanying brief, it fails to include the Board's motion and brief. Dr. Dunn-Wright is specifically appealing from the order that dismissed some of her claims, and the motion to dismiss and accompanying brief must be included in the addendum to comply with Rule 4-2(a)(8).

SLIP OPINION

In addition to the Board's motion to dismiss and supporting brief being necessary for our review, we observe that there are other documents in the record that should also have been included in appellant's addendum. These include the Board's reply to appellant's response to the motion to dismiss and its accompanying brief; the Board's reply to appellant's amended response to the motion to dismiss and its accompanying brief; and both parties' trial briefs.

Pursuant to Arkansas Supreme Court Rule 4–2(b)(3), we order appellant to file a substituted addendum and brief within fifteen days from the date of entry of this order. The materials listed herein are not intended as an exhaustive list of deficiencies, and we encourage appellant to carefully review the rules and ensure that no other deficiencies exist before filing her substituted addendum and brief. If appellant fails to cure the deficiencies within the prescribed time, the orders appealed from may be affirmed for noncompliance with the rule. Ark. Sup. Ct. R. 4–2(b)(3). The appellee is allowed fifteen days from the date appellant files her substituted addendum and brief in which to respond, if it so chooses.

Rebriefing ordered.

HARRISON and WOOD, JJ., agree.

*McKissic & Associates, PLLC*, by: *Jackie B. Harris*, for appellant.

*Kendra Clay*, Arkansas Department of Education, for appellee.